Florence A. ANDREOLA

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 74–1687–C.

United States District Court,
D. Massachusetts.

March 17, 1976.

Bernard T. Loughran, Watertown, Mass., for plaintiff.

James N. Gabriel, U. S. Atty., William E. Hughes, Asst. U. S. Atty., Boston, Mass., for defendant.

OPINION

CAFFREY, Chief Judge.

This is a civil action seeking a review and reversal of a decision of the Secretary of Health, Education and Welfare, denying disability insurance benefits to the plaintiff. The cause of action is based on 42 U.S.C.A. § 405(g). The matter came before the Court on the Secretary's motion for summary judgment. A certified copy of the administrative record was filed in support of the motion.

The record establishes that plaintiff filed an application on July 27, 1972 for disability insurance benefits, based on the claim that she became unable to work in 1960. The application was denied both initially and upon reconsideration. Thereafter, at plaintiff's request, a hearing was held on the claim by an Administrative Law Judge on August 28, 1973. On September 6, 1973, the Administrative Law Judge made a finding favorable to the plaintiff and determined that she was under a "disability" from November 20, 1960 to the date of his decision.

On its own motion, the Appeals Council elected to review the decision of the Administrative Law Judge, and in so do-

ing the Appeals Council received additional evidence including records from the Framingham Union Hospital. On April 4, 1974, the Appeals Council reversed the decision of the Administrative Law Judge and made a finding that plaintiff had not been disabled for a continuous period of more than 12 months beginning on December 31, 1962, which period continued uninterrupted for 14 months prior to the filing of the application on July 27, 1972.

The issue to be resolved herein is whether the decision of the Appeals Council is supported by substantial evidence on the record as a whole.

Plaintiff, who was born on July 22, 1917, in Armenia, is a high school graduate whose employment has been that of a hat trimmer and bar tacker from 1953 until 1957 or 1958. She testified that after 1958 she could no longer work at the hat factory because of illness, and that she tried to work at home but gave up in 1960 because of internal bleeding and arthritis. There was evidence in the record from plaintiff that she had pains in her joints and intermittent swelling of her fingers from 1951 on. This condition lasted until oné or two years after her ileostomy operation in 1963. Plaintiff testified that she was diagnosed as a diabetic in 1957, since which time she has taken Dondreol orally and has never used insulin. Her husband testified that plaintiff could not have worked regularly since 1960 due to pains in her back, arms and legs which she treated with either aspirin or bufferin.

Records from the Framingham Union Hospital reveal that plaintiff's earlier medical history included a five-year period of bloody diarrhea, a hospitalization in October 1951 for diverticulitis, and a hospital admission in May 1952 after a ten-year history of female disorders diagnosed as uterine prolapse, cystocele, chronic cervicitis and obesity. Her diverticulitis flared up in September 1960 and was complicated by an internal abscess formation. She underwent surgery consisting of a resection of a segment of the sigmoid colon and removal of the left ovary which had a large cyst. This resulted in a temporary colostomy which was subsequently closed in January 1961.

In November 1961 plaintiff was hospitalized, reciting on her admission a 15 year history of ankle swelling, pain and reddish bumps on the skin of her lower legs. This was diagnosed as erythema induratum and treated with antituberculosis drugs. In July 1962 she was hospitalized with an abdominal wall abscess which was surgically drained and healed satisfactorily. Following nervous tension, plaintiff developed recurrent rectal bleeding and draining of lesions on her legs, for which she was hospitalized in May 1963. This condition was treated by a resection of the fistula, separation of adhesions and resection of the gangrenous jejunum.

From August 29 until September 28, 1963 she was hospitalized and underwent surgery consisting of a subtotal colectomy and permanent ileostomy. In November 1965 she developed a gall bladder disease and underwent a cholecystectomy in December 1965. She had a good recovery therefrom.

Dr. Gaston, a general surgeon, who has attended plaintiff since 1960, testified that in his opinion she is totally and permanently disabled. Dr. Levenson, a specialist in internal medicine and plaintiff's attending physician, testified that plaintiff when first seen suffered from a reactive depression and anxiety, but is now fairly normal. He testified that she is unable to lose weight because of her compulsive eating. Plaintiff is 5'2" and weighs 194 pounds.

Plaintiff's burden of proof at the hearing was to establish that she is unable to engage in any substantial gainful work because of a medical condition which can be expected to result in death or which can be expected to last for a continuous period of 12 months. 42 U.S.C.A. § 416(i)(1) and § 423(d)(1). The impairment must be severe enough to prevent her from working not only in her usual occupation but in any other substantial gainful work available to her, consider-

ing her age, education, health, training and work experience.

The record establishes that plaintiff last met the disability insured status requirements of the Social Security Act on December 31, 1962. Thus, to establish eligibility, the evidence must demonstrate that her physical impairments were of a disabling level of severity by that date. The evidence must show, additionally, that this condition continued uninterrupted until at least 14 months prior to July 27, 1972, the filing date of her application. 42 U.S.C.A. § 423(a).

The instant record is devoid of testimony from an occupational specialist tending to establish the existence or availability to plaintiff of any employment of which she is capable. I rule that the Secretary's decision is not supported by substantial evidence on the record as a whole. I further rule that the decision of the Administrative Law Judge, finding that claimant "was under a 'disability' as that term is defined in the Social Security Act, as amended, and that such disability has continued up to and through the date of this decision," is supported by substantial evidence.

Accordingly, an order will be entered denying the defendant's motion for summary judgment, allowing plaintiff's motion to reinstate the decision of the Administrative Law Judge, and directing the Secretary to award to plaintiff a period of disability and disability insurance benefits consistent with this ruling.